IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv108

| | |
|---|---|
| JUDITH GENTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MAGGIE VALLEY RESORT ) | |
| MANAGEMENT, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court are the Motion for Protective Order [# 18] and Motion for Protective Order [# 38]. Defendant Maggie Valley Resort Management, LLC ("Maggie Valley") moves the Court to enter a protective order in this case providing that no depositions be held between December 24, 2013, and January 1, 2014, and between January 21, 2014, and January 24, 2014. In addition, Defendant Jay Manner moves the Court to quash a subpoena issued by this Court and for a Protective Order concerning discovery subpoenas issued by other District Courts. On January 6, 2014, the Court held a hearing on the motions. The Court now enters this written Order to memorialize its oral Order of January, 6, 2014. According, the Court **DIRECTS** the parties as follows:

(1) The Court **DENIES** the Motion for Protective Order [# 38] as

Defendant Maggie Valley failed to provide sufficient justification for the entry of a protective order directing Plaintiff that he cannot hold depositions on the dates in question. Moreover, it appears that Defendant Maggie Valley has delayed and obstructed the Plaintiff's efforts to conduct the depositions in question without sufficient justification.

(2) Because the parties appear unable to schedule depositions in this case in a professional manner as would be expected from members of the bar, the Court must schedule the parties' depositions on their behalf. Accordingly, the Court **DIRECTS** the parties that the following depositions for Plaintiff will occur at the time and place as a directed by this Court:

(a) Karen Penland – January 10, 2014, in Asheville

(b) Brenda Smith – January 13, 2014, in Greensboro

(c) Purser McCloud – January 17, 2014, in Alabama

(d) Dr. Peter Mangone – January 22, 2014, in Asheville

(e) Jay Manner – January 23, 2014, in Asheville

(f) Tony Hyde – January 29, 2014, in Charlotte

(g) East Coast Partners Rule 30(b)(6) – January 29, 2014, in Charlotte

(h) Maggie Valley Rule 30(b)(6) – February 1, 2014, in Asheville.

(3) Because the parties appear unable to schedule depositions in this case in a professional manner as would be expected from members of the bar, the Court must schedule the parties' depositions on their behalf. Accordingly, the Court **DIRECTS** the parties that the following depositions for Defendant East Coast Partners Club Management Company, Inc. will occur at the time and place as a directed by this Court:

(a) Ladonna Thompson – January 20, 2014, in North Mrytle Beach

(b) John Baxley – January 31, 2014, in Asheville

(c) Dirk Kaplinger – January 31, 2014, in Asheville.

(4) Consistent with this Order, the Court **GRANTS** Plaintiff leave to take depositions in excess of the number specified in the Court's Pretrial Order.

(5) The Court **GRANTS** the Motion for Protective Order [# 18] and Quashes the subpoena issued to Roaring Gap Club, Inc. As to the remaining subpoenas issued to Shinnoecock Hills Golf Club, Jupiter Island Club, Forsyth Country Club, Honours Group, LLC, and Maine Community College System, the Court **ENTERS** this Protective

Order directing the subjects of the subpoenas that they need not respond to the subpoenas and need not produce the materials requested by Plaintiff in these subpoenas. The Court finds these subpoenas to be overbroad. The Court, however, will not require Plaintiff to seek leave of Court before issuing further subpoenas, and the Court will not rewrite the subpoenas for counsel to render them valid as requested by the parties. It is up to counsel, not this Court to issue a valid and enforceable subpoena that is not overbroad.

(6) Pursuant to the Court's inherent power, the Court **SANCTIONS** attorney Jonathan Yarbrough in the amount of $500.00. Attorney Yarbrough shall have until January 17, 2014, to pay this fine to the Clerk of Court. The Court sanctions Attorney Yarbrough for filing a legal memorandum in this Court quoting the headnote of a decision of the United States District Court for the Western District of Texas and attempting to pass off such quotation as a quote from the body of the opinion itself. Moreover, the case cited by counsel does not even stand for the proposition for which it is cited. Such actions by members of the bar will not be tolerated by this Court and any attempt to mislead this Court in such a manner in the future will be met with

much harsher sanctions. As the United States Court of Appeals for the Seventh Circuit stated in <u>Russell v. Dir., Office of Workers' Compensation Programs, U.S. Dep't of Labor</u>, 829 F.2d 615, 617 (7th Cir. 1987), "[w]e expect more care and candor from the member of our bar than have been provided in this case." Although Attorney Yarbrough stated at the hearing that he was not the individual who drafted the brief in question and that he had not read the case cited in the brief, as the attorney signing the pleading in question, it his obligation pursuant to Rule 11 of the Federal Rules of Civil Procedure to ensure that any pleading he signs comports with Rule 11 and that any cited quotations are actually contained in the body of the cited opinion.

Signed: January 9, 2014

*Dennis L. Howell*
Dennis L. Howell
United States Magistrate Judge