**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:13cv108**

| | |
|---|---|
| JUDITH GENTRY, ) ) Plaintiff, ) ) v. ) ) MAGGIE VALLEY RESORT ) MANAGEMENT, LLC, et al., ) ) Defendants. ) _____ ) | ORDER |

Pending before the Court is the Motion for Discovery [# 62]. Plaintiff moves the Court to compel additional discovery from Defendants. The Court **DENIES** the motion [# 62].

**I.     Analysis**

Rule 37 of the Federal Rules of Civil Procedure does not specify a specific time limit for the filing of a motion to compel. See Fed. R. Civ. P. 37; PCS Phosphate Co. v. Norfolk Southern Corp., 238 F.R.D. 555, 558 (E.D.N.C. 2006). Absent a specific order from the Court in the scheduling order, a party must generally move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely. See Days Inn Worldwide, Inc. v. Sonia Invs., 237 F.R.D. 395, 397-98 (N.D. Tex. 2006) (collecting cases); Murphy

v. Auto Advantage, Inc., 2012 WL 28781, at *1 (W.D.N.C. Jan. 5, 2012) (Howell, Mag. J.); Rudolph v. Buncombe Cnty Gov't, No. 1:10cv203, 2011 WL 5326187 (W.D.N.C. Nov. 4, 2011) (Howell, Mag. J.).

Discovery in this case closed February 1, 2014. On March 3, 2013, over a month after the close of discovery, Plaintiff moved to allow a forensic expert access to a computer to examine documents and data. In addition, Plaintiff moved to compel Defendant Manner to answer deposition questions that he previously refused to answer and to allow additional follow up questions of Defendant Manner. The time for seeking additional discovery or moving to compel a party to answer deposition questions, however, has long expired. Discovery in this case is closed. Summary Judgment motions are pending before the District Court. Accordingly, the Court **DENIES** the motion [# 62].

**II. Conclusion**

The Court **DENIES** the Motion for Discovery [# 62].

Signed: March 10, 2014

Dennis L. Howell
United States Magistrate Judge