# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:13cv108

| | |
|---|---|
| JUDITH GENTRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| MAGGIE VALLEY RESORT ) | |
| MANAGEMENT, LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Pending before the Court is the Motion to Quash [# 52]. Defendant Jay Manner moves to quash the subpoena Plaintiff served on Defendant Manner's current employer, Honours Group. Defendant Manner also seeks a protective order directing that all materials received in response to the subpoena be returned to sender. The Court **GRANTS** the motion [# 52].

**I.   Analysis**

This is the second motion seeking to quash a subpoena filed by Defendant Manner. Previously, the Court held a discovery hearing in order to address a Motion to Quash a number of subpoenas issued to Defendant Manner's past employers. After the benefit of oral argument, the Court granted the Motion to Quash and quashed the subpoenas. (Order, Jan. 9, 2014.) The Court found that the

subpoenas were overbroad.  (Id.)  The Court entered a brief written Order memorializing its oral Order of January 6, 2014.  Specifically, the Court found:

> As to the remaining subpoenas issued to Shinnoecock Hills Golf Club, Jupiter Island Club, Forsyth Country Club, Honours Group, LLC, and Maine Community College System, the Court **ENTERS** this Protective Order directing the subjects of the subpoenas that they need not respond to the subpoenas and need not produce the materials requested by Plaintiff in these subpoenas.  The Court finds these subpoenas to be overbroad.  The Court, however, will not require Plaintiff to seek leave of Court before issuing further subpoenas, and the Court will not rewrite the subpoenas for counsel to render them valid as requested by the parties.  It is up to counsel, not this Court to issue a valid and enforceable subpoena that is not overbroad.

(Order, Jan. 9, 2014, at p. 3-4.)

Plaintiff then served a second subpoena on Honours Group.  The second subpoena seeks "any and all documents about Carl J. Manner Jr. . . . that relate to the nature and terms of any employment relationship that he previously had, or currently has, with Honours Group, LLC, and/or Honours Group Company LLC, or any related company, including but not limited to  . . . ."  (Ex. B. to Def.'s Mot. Quash).  For the reasons stated at the January 6, 2014, hearing, the second subpoena is also overbroad; the subpoena seeks every document related in any manner to Defendant Manner's employment with Honours Group.  Accordingly, the Court **GRANTS** the motion [# 52] and **QUASHES** the subpoena issued by Plaintiff to Honours Group.

## II. Conclusion

The Court **GRANTS** the Motion to Quash [# 52] and **QUASHES** the subpoena issued to Honours Group.  The Court **DIRECTS** Honours Group that it need not respond to the subpoena and need not produce the materials requested by Plaintiff in the subpoena.  The Court, however, will leave it to the District Court to determine at trial whether to allow the admission of any documents already produced in response to the overbroad subpoena.

Signed: March 11, 2014

Dennis L. Howell
United States Magistrate Judge