THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:13-cv-00108-MR-DLH

| | |
|---|---|
| JUDITH GENTRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> MAGGIE VALLEY RESORT ) <br> MANAGEMENT, LLC; EAST WEST ) <br> PARTNERS CLUB MANAGEMENT ) <br> COMPANY, INC.; and JAY MANNER, ) <br> individually, ) <br> ) <br> Defendants. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Seal Documents Marked as Confidential to Be Filed in Support of Her Opposition to Defendants' Motions for Summary Judgment [Doc. 66].

The Plaintiff seeks leave to file under seal certain documents filed in support of her opposition to the Defendants' motions for summary judgment, including (1) Plaintiff's medical records, documents relating to her physical health and treatment, and her workers' compensation injury and claim; (2) documents relating to Plaintiff's termination from employment

and the termination of other employees in 2010, and thereafter; (3) documents relating to the medical condition and/or workers' compensation injuries sustained by non-party employees of Maggie Valley Club and Resort; (4) documents relating to personnel records of the Plaintiff, Defendant Jay Manner, and other individuals who worked at Maggie Valley Club and Resort; (5) documents relating to Defendant Manner's actions as the general manager of Maggie Valley Club and Resort; (6) documents submitted to the Equal Employment Opportunity Commission and North Carolina Department of Labor by Defendants in response to Plaintiff's administrative charges of discrimination; and (7) documents relating to the Defendants' business practices, financial or accounting date, and other sensitive business data. All of these documents have been marked as "confidential" by one or more of the parties in the case pursuant to the terms of the Protective Order previously entered herein, and contain sensitive personal information and confidential and/or proprietary business information. The Plaintiff further represents that the Defendants consent to the Plaintiff's request to seal such documents. [Doc. 66].

The Fourth Circuit has recognized that a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing

interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984); see also Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180 (4th Cir. 1988) ("The common law presumption of access may be overcome if competing interests outweigh the interest in access, and a court's denial of access is reviewable only for abuse of discretion."). Before sealing a court document, however, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the Plaintiff's motion. The Plaintiff filed her motion on March 10, 2014, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the Plaintiff has demonstrated that many of the documents at issue[1] – particularly the Plaintiff's medical records, as well as medical

---

[1] While ordinarily the Court would be more specific in its designation of the documents to be filed under seal, the Plaintiff filed her motion to seal without also filing the documents she sought to have sealed. Ten days after filing the motion to seal, the Plaintiff filed her Appendix to her summary judgment response, which presumably

records and personnel records of non-party employees and financial and other sensitive business data of the Defendants -- contain sensitive personal and business information and that the public's right of access to such information is substantially outweighed by the competing interest in protecting the details of such information. Having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the above-referenced documents is necessary to protect the parties' privacy interests.

With respect to the other documents cited by the Plaintiff – including documents related to her workers' compensation claims and administrative charges of discrimination, documents related to her termination, and documents related to Defendant Manner's actions as general manager of Maggie Valley Club and Resort – these documents go to the very heart of the Plaintiff's claims. While the parties may have agreed to designate such documents as confidential, the Plaintiff has failed to demonstrate that the

---

contains the documents at issue. This Appendix, however, spans more than 1,000 pages. It would be a herculean task for the Court to determine which documents the Plaintiff intended to have sealed and which she did not. The Court admonishes Plaintiff's counsel in the future to present the documents to be sealed along with the sealing order so that such documents may be reviewed.

The Court also would encourage counsel to be more selective in the number of documents he chooses to include in the record. It is the rare case that truly requires a 1,000+ page Appendix in response to a motion for summary judgment.

public's right of access is substantially outweighed by the parties' interest in protecting this information from public disclosure.  The Court further finds that less drastic alternatives to sealing such documents, such as redacting personal identifiers like Social Security numbers, would adequately protect the parties' privacy interests with respect to these documents.

In sum, the Court will allow the Plaintiff to file any of her medical records under seal.  The Court will further allow the Plaintiff to file any medical and/or personnel records of non-party employees and any sensitive financial or business data of the Defendants under seal.  With respect to all of the other documents identified, the Court will deny the motion to seal.  The parties, however, shall not be precluded from filing versions of these documents with personal identifiers, such as Social Security numbers, redacted.

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Motion to Seal Documents [Doc. 66] is **GRANTED IN PART** and **DENIED IN PART**.  The documents filed by the Plaintiff in support of her Response to the Defendants' Motions for Summary Judgment [Docs. 71, 72] shall be placed under seal for a period of ten (10) days in order to allow the Plaintiff an opportunity to refile such documents in accordance with the terms of this Order.

**IT IS SO ORDERED.**

Signed: April 9, 2014

Martin Reidinger
United States District Judge