UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cv-00108-MOC-DLH

| | |
|---|---|
| **JUDITH GENTRY,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **EAST WEST PARTNERS CLUB MANAGEMENT COMPANY, INC., MAGGIE VALLEY RESORT MANAGEMENT, LLC, and JAY MANNER,** | ) |
| Defendants. | ) |

**THIS MATTER** is before the court on Defendant Maggie Valley's Motion for Attorneys' Fees (#167). The court heard oral arguments on the motion on January 6, 2015. Having considered the motion, arguments, and pleadings, the court enters the following Findings, Conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

1. **Factual Background**

In this case, Plaintiff asserted three claims against Defendant Maggie Valley ("Defendant"), including claims under the Americans with Disabilities Act, state law governing wrongful discharge, and gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. Defendant moved for summary judgment on all claims, which the court denied (#93). At trial, Defendant moved for judgment as a matter of law on the Title VII claim at the close of Plaintiff's evidence, which the court denied. (Tr. 646:25-650:20). Defendant

renewed its motion at the close of evidence, which the court again denied. (Tr. 837:4-839:25). After a jury trial, the court entered a judgment in favor of Defendant on all claims. Defendant brought the instant motion for attorneys' fees on Plaintiff's Title VII claim, arguing that during the course of discovery, it became evident that such claim was frivolous and that continued litigation of the claim at trial "taxed the resources of the Defendant's counsel." Defendant has requested an awarded fee of $71,400.

**2. Legal Standards**

Title VII allows district courts, in their discretion, to award reasonable attorneys' fees to prevailing parties in actions brought under it. 42 U.S.C. § 2000e–5(k). The provision does not distinguish between prevailing plaintiffs and prevailing defendants, but the Supreme Court articulated the standard for a prevailing defendant's recovery of attorneys' fees in <u>Christiansburg Garment Co. v. EEOC</u>, 434 U.S. 412 (1978). This standard requires that "a plaintiff should not be assessed his opponent's attorneys' fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." <u>Id.</u> at 422. "A finding of frivolousness, unreasonableness, or groundlessness cannot obtain simply because the 'plaintiff did not ultimately prevail.'" <u>EEOC v. Great Steaks, Inc.</u>, 667 F.3d 510, 517 (4th Cir. 2012) (quoting <u>Christianburg Garment</u>, 434 U.S. at 422). The Fourth Circuit has recognized that "awarding attorneys' fees to a prevailing defendant is 'a conservative tool, to be used sparingly in those cases [in] which the plaintiff presses a claim which he knew or should have known was groundless, frivolous, or unreasonable.'" <u>Id.</u> (quoting <u>Arnold v. Burger King Corp.</u>, 719 F.2d 63, 65 (4th Cir.1983)). "A decision whether attorneys' fees should be awarded to a prevailing defendant under the <u>Christiansburg</u> standard is peculiarly within the province of the

trial judge, who is on the scene and able to assess the oftentimes minute considerations which weigh in the initiation of a legal action.'" EEOC v. Propak Logistics, Inc., 746 F.3d 145, 151 (4th Cir. 2014) (internal quotation and citation omitted). Relevant to the procedural history of this case, the Fourth Circuit has explicitly stated:

> the denial of a motion for judgment as a matter of law made at the close of all evidence is a particularly strong indicator that the plaintiff's case is not frivolous, unreasonable, or groundless. … If the district court denies the motion, it signals that a jury could reasonably find for the plaintiff. … we are hard-pressed to imagine circumstances where the district court could make this determination and nevertheless deem the plaintiff's case frivolous, unreasonable, or groundless.

Great Steaks, 667 F.3d at 518.

### 3. Discussion

Defendant argues that it is entitled to attorneys' fees for Plaintiff's Title VII claim because it was frivolous, unreasonable, or groundless, and/or clearly became so at some point in trial. Defendant contends that at no time during the discovery process or during trial did Plaintiff provide any factually or legally supportable evidence with respect to her Title VII gender discrimination claim. The court disagrees. As evidenced by the record, the court found that Plaintiff presented sufficient evidence to argue her Title VII claim both at summary judgment and upon Defendant's motion for judgment as a matter of law at trial, which is why the court allowed the jury to decide the issue. Despite the fact that Plaintiff's claim was ultimately unsuccessful, the court cannot agree with Defendant that her claim was at any point frivolous, unreasonable, or groundless.

In light of the evidence presented in this case on Plaintiff's Title VII claim, as well as the heavy presumption articulated in Great Steaks that the denial of a motion for judgment as a matter of law made at the close of evidence is a particularly strong indicator that the plaintiff's

case is not frivolous, unreasonable, or groundless, this court finds that Defendant is not entitled to attorneys' fees.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant Maggie Valley's Motion for Attorneys' Fees (#167) is **DENIED**.

Signed: January 27, 2015

Max O. Cogburn Jr.
United States District Judge